UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:24-CR-19-KAC-JEM-14 |
| TRAYTHAN W. EDWARDS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION & ORDER
## DENYING MOTION TO REVOKE DETENTION ORDER

Before the Court is Defendant Traythan W. Edwards's "Motion for Revocation of Detention Order" [Doc. 112], which asks the Court to release him from custody on conditions under 18 U.S.C. § 3145(b). Upon de novo review, the Court denies Defendant's Motion because no condition or combination of conditions would reasonably assure the safety of any other person and the community. *See* 18 U.S.C. § 3142(e)(1).

### I. PROCEDURAL BACKGROUND

On March 1, 2024, Magistrate Judge Jill E. McCook ordered Defendant detained [Doc. 73]. The Court determined that the United States proved by clear and convincing evidence that "no condition or combination of conditions of release w[ould] reasonably assure the safety of any other person and the community" [*Id.* at 2]. The Court specifically concluded that Defendant "poses a risk of danger to the community" based on (1) the "[w]eight of evidence against" him, (2) the fact that Defendant is "[s]ubject to [a] lengthy period of incarceration if convicted," (3) Defendant's "[p]rior criminal history," (4) Defendant's "[p]articipation in criminal activity while on probation, parole, or supervision," (5) Defendant's "[h]istory of violence or use of weapons," and (6) Defendant's "[h]istory of alcohol or substance abuse," among other

factors [*Id.* at 2-3]. On March 11, Defendant filed the instant Motion, asking the Court to "revok[e] the Order of Detention" and release him on "the same release conditions" as a co-conspirator in this case [Doc. 112 at 3]. In support, Defendant asserts that (1) "the only prior convictions he has had are related to driving charges in state court," (2) he "ha[s] secured a bed at Stepping Stone to Recovery—an in-patient substance abuse treatment facility in Louisville, Tennessee," and (3) a "third-party custodian" is available [*Id.* at 2-3]. On April 4, the United States responded in opposition [Doc. 151].

## II. ANALYSIS

If a magistrate judge orders a defendant detained pending trial, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the [detention] order." 18 U.S.C. § 3145(b). The district court generally reviews the magistrate judge's order de novo and may do so without holding a further hearing. *See United States v. Marcrum*, 953 F. Supp. 2d 877, 880 (W.D. Tenn. 2013), *aff'd*, No. 13-6008 (6th Cir. Nov. 1, 2013). A second hearing is not necessary where, as here, the material information is already in the record from the initial detention hearing [*See* Doc. 112 at 1 (Defendant relies "on arguments and proof presented at [the initial detention] hearing.")]. *See also* 18 U.S.C. § 3142(f); *United States v. Williams*, No. 20-CR-142, 2020 WL 6866404, at *2-5 (S.D. Ohio Nov. 23, 2020) (reviewing magistrate judge's detention order de novo without a hearing).

18 U.S.C. § 3142 governs the release or detention of a defendant pending trial. Where the United States moves for detention of a defendant charged with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 18 U.S.C. § 3142(f)(1)(C), the Court must determine whether any "condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of

any other person and the community," *id.* at § 3142(e)(1), (f). The factors that the Court considers in determining whether to detain a defendant under Section 3142(e) are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

Under Section 3142(e)(2), the Court presumes (subject to rebuttal) that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community" if the Court finds that "there is probable cause to believe that the [defendant] committed" a qualifying offense under the Controlled Substances Act. *See* 18 U.S.C. § 3142(e)(3)(A). A grand jury's indictment "by itself, establishes probable cause to believe that a defendant committed the charge." *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). And the Parties do not dispute that the presumption applies here [*See* Docs. 112 at 3; 151 at 1].

To rebut the presumption, Defendant must "introduce at least some evidence" that he is not a flight risk and does not pose a danger to the community. *See Stone*, 608 F.3d at 945, 947 (noting that the defendant's burden of production is "relatively light"). At the detention hearing, Defendant stressed the availability of a third-party custodian, his older brother Davin Caleb Edwards [*See* Doc. 75 at 8-11, *sealed]. Defendant presented testimony that his brother "possibly

3

Case 3:24-cr-00019-KAC-JEM   Document 159   Filed 04/12/24   Page 3 of 7   PageID #: 319

could" get Defendant employment although nothing was "set in stone" [*Id.* at 10:5-11, *sealed]. But Defendant's brother has not been close with Defendant "[t]he last year or so" [*Id.* at 12:4-5, *sealed]. Indeed, he was not aware of the circumstances of Defendant's arrest for the instant offense [*Id.* at 13:3-15, *sealed]. And Davin Caleb Edwards testified that he works full time during the week, which would leave Davin Caleb Edwards' fiance and grandmother to monitor Defendant while simultaneously taking care of a newborn child [*Id.* at 7:17-21, *sealed]. Further, Defendant presented testimony that he has secured placement at an inpatient treatment facility to provide treatment for his substance abuse issues [*See, e.g.*, *id.* at 19:2-6, *sealed]. Defendant thereby satisfied his "relatively light" burden of production, thereby rebutting the presumption. *See Stone*, 608 F.3d at 945, 947. Even if so, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered." *Id.* (quotation omitted).

Ultimately, the United States "must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); *see* 18 U.S.C. § 3142(f) (addressing the United States's burden as to "the safety of any other person and the community"). The United States has met its burdens here. Each of the Section 3142(g) factors weighs in favor of detaining Defendant.

***First***, the nature and circumstances of the offense charged favor detention. The Indictment alleges that Defendant, along with more than a dozen co-defendants, conspired to distribute fentanyl for more than two (2) years, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) [*See* Docs. 3 at 1-2; 3-14 at 1]. The Grand Jury charged Defendant with a serious offense involving a controlled substance that presents a grave threat to the safety of the community. *See* 18 U.S.C. § 3142(g)(1). Fentanyl, even in small amounts, is lethal and there is probable cause

4

to believe that Defendant conspired to distribute a significant amount of it for more than two (2) years [*See* Docs 3; 75 at 4:17-23, 15:8-21, *sealed]. *See Stone*, 608 F.3d at 945.

***Second***, Defendant's alleged conduct in this case underscores the danger that he represents. *See* 18 U.S.C. § 3142(g)(2). This factor "only goes to the likelihood that the defendant will pose a danger to the community and is not a pretrial determination of guilt." *United States v. Foster*, No. 20-5548, 2020 WL 6791572, at *2 (6th Cir. July 20, 2020). At the detention hearing, the United States proffered evidence that that Defendant was "discussing drug trafficking" with co-defendants "within the last couple of months" prior to his arrest [*See* Doc. 75 at 4:17-23, *sealed]. And the United States's evidence further suggested that investigation into Defendant's co-conspirators shows Defendant's close involvement with others in the conspiracy [*Id.*, *sealed]. That he allegedly committed the instant offense during a time when he was on bond for violent state charges shows that court conditions have failed to deter Defendant before [*See* Docs 3; 73-1 at 1-2] At bottom, conspiring to distribute narcotics is inherently dangerous and Defendant's alleged participation in that conspiracy demonstrates the danger to the community that would result from his pretrial release.

***Third***, Defendant's history and characteristics likewise weigh in favor of detention. Defendant is twenty-three (23) years old and is a "life-long resident of the community" [*See* Doc. 112 at 2]. But Defendant's past conduct is concerning. *See* 18 U.S.C. 3142(g)(3)(A).[1] For example, he has been convicted of failing to appear in court twice, demonstrating his unwillingness or inability to comply with court orders [Amended Pretrial

---

[1] Information related to Defendant's criminal history is contained in the Amended Pretrial Services Report compiled by the United States Probation Office, made available to the Parties before Defendant's detention hearing, and on file with the Court. The United States Probation Office recommended that Defendant remain detained pending his trial.

5

Services Report at 4]. When Defendant was arrested for the instant offense, he possessed a handgun—which he admitted—and drug paraphernalia in violation of a state court protection order [*See* Doc. 73-1 at 3; Amended Pretrial services Report at 7]. Defendant's criminal history and conduct demonstrates his dangerousness. *See* 18 U.S.C. § 3142(g)(3)(A), (4). What is more, Defendant's extensive history of "daily" heroin abuse—including injecting himself with heroin "five times" the day before his initial appearance—likewise concerns the Court [Amended Pretrial Services Report at 3]. *See* 18 U.S.C. § 3142(g)(3)(A). This past conduct raises doubts about whether Defendant would comply with any treatment the Court ordered him to participate in, particularly where "he can walk out" of the proposed inpatient facility with "nothing preventing him from leaving" [Doc. 75 at 24:3-14, *sealed]. And in the past, when Defendant had the opportunity to obtain treatment for his substance abuse, he stopped treatment after one day because it "didn't help [him]" [Amended Pretrial Services Report at 3]. On balance, Defendant's history and characteristics favor detention. *See* 18 U.S.C. § 3142(g)(3)(A).

*Last*, Defendant's release would pose a danger to the community. *See* 18 U.S.C. § 3142(g)(4). As discussed above, Defendant's history before this case and his alleged conduct in this case demonstrate the risk of Defendant engaging in further illegal activity and the concomitant potential danger to the community. *See id.* This factor, therefore, supports detention. Weighing the pertinent factors, the United States has met its burden to show that no conditions or combinations of conditions of release would "reasonably assure" "the safety of any other person and the community." *See* 18 U.S.C. § 3142(e)(1), (f); *Hinton*, 113 F. App'x at 77.

Defendant argues that because he "was not charged in any of the substantive counts in the indictment"—unlike a co-defendant who was released on conditions—the Court should likewise release him. Section 3142, however, instructs the Court to weigh the pertinent factors on an

*individual* basis. *See* 18 U.S.C. § 3142(f), (g) (emphasis added) (directing the Court to determine whether conditions would reasonably assure the appearance of "such person" and the safety of any other person and the community considering information available about "the person"). "In cases like this one, involving multiple defendants who are not necessarily similarly situated, the dangerousness inquiry must be an individualized one . . . each defendant is entitled to an individualized determination of bail eligibility." *Stone*, 608 F.3d at 946. And although testimony at the detention hearing suggested that Defendant has a willing third-party custodian, possible employment, and an inpatient treatment opportunity, these are not adequate safeguards to ensure the safety of the community. *See* 18 U.S.C. § 3142(g)(3)(A). In fact, the evidence elicited during the detention hearing demonstrates that these proposed conditions do not mitigate the risk of future illegal behavior if Defendant is released on the proposed conditions [*See* Doc. 75 at 13:3-15, 24:3-14, *sealed]. Defendant's inherently dangerous alleged conduct coupled with his history and characteristics demonstrate the danger that he poses. *See* 18 U.S.C. § 3142(g).

### III. CONCLUSION

Considering the relevant factors de novo, no conditions of release would reasonably assure "the safety of any other person and the community." *See* 18 U.S.C. § 3142(e)(1). Accordingly, the Court **DENIES** Defendant's "Motion for Revocation of Detention Order" [Doc. 112]. Defendant shall remain detained.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge